Dakiel, J.
 

 At the common law, if a Sheriff, who arrests on
 
 mesne process,
 
 (not on
 
 Ca. Sa.)
 
 lets the defendant go at large without taking bail, he may retake him at any time before the return of the writ, and he is not liable to an action for an escape.
 
 Atkerson
 
 v
 
 Walterson,
 
 2 T. R. 192.
 
 Fuller
 
 v
 
 Prest, 7
 
 T. R. 105,
 
 Watson on Sheriffs
 
 126. — 1 Archb. Prac. 85.
 

 In this State, (by the Statute,) if the Sheriff do not take bail, when he arrests on mesne process, he, himself, is special bail; and he may then; as
 
 bail,
 
 arrest at any time thereafter. But if the Sheriff has once taken bail on an arrest on mesne process, in a civil action,, we find nothing in the law books, which authorizes him to arrest the defendant a second
 
 *19
 
 time on the same process, on the ground that the bail may-have become insufficient. In this State, there is necessarily, by force of the Statutes, but a small space of time between the date of the bail bond, (when the Sheriff may, and does exercise his judgment as to the sufficiency of the bail,) and the return Term of the writ; at which Term only, can the plaintiff be at liberty to except to the bail bond. If the Sheriff might again arrest at any time, and as often as he pleased, before the return of the writ, then defendants in civil suits might be put to great inconvenience. ■ The danger of loss, either to the Sheriff or to the plaintiff, can be but small, if the Sheriff is prohibited from making a second arrest, whilst the harrassments and inconveniences to defendants might be great, by permitting him to arrest a second time, on the same process, after bail had been once given. We think that the Judge erred in this part of his charge to the jury, and that there must be a new trial.
 

 Per Curiam. New trial awarded.